{¶ 20} I respectfully dissent and would reverse Defendant's conviction because the State failed to present sufficient evidence to support it. Although I agree with the majority that there was circumstantial evidence from which the jury could conclude that Defendant had a motive to lie to protect Gillman, this evidence did not support an inference that she actually did lie. The State did not even establish that Defendant knew that there was an arrest warrant for Gillman, let alone that she made a false statement to the police with the purpose of helping Gillman evade the warrant.
 {¶ 21} The statement made by Defendant in this case, and the evidence surrounding it, is not comparable to the patently false statement found to be sufficient in State v. Bailey (1994),71 Ohio St.3d 443, 448. Defendant's ambiguous response of "I don't know" to the general question asked by the police, "Where is he?" may have been a true answer to the question asked. Gillman was not found in the same room as Defendant, there was no evidence that he was with her immediately before the police arrived, nor was there any other evidence to establish that Defendant knew the whereabouts of Gillman at the time she responded to the question. Defendant was exiting a bathroom when questioned; Gillman was later found in a bedroom. The proximity of these two rooms, or lack thereof, was not established by any evidence presented by the State.
 {¶ 22} The only evidence on this issue was that Defendant responded ambiguously to one general question, no follow-up questions were asked, nor was there any other evidence presented to establish the truth or falsity of Defendant's statement at the time she spoke to the police. Defendant apparently made no further statements about Gillman's whereabouts, and the police did not follow up its questioning or ask her a more specific question, such as, "Is Gillman in the house?" or "Have you seen Gillman today?" Nor did Defendant respond with a more definite answer, such as, "He's not in the house" or "I just saw him drive away." Her vague statement, "I don't know" was just as likely true as it was false and it was unreasonable for the jury to conclude otherwise, given the evidence before it. While I agree with the majority that knowledge or any other state of mind can be, and usually is, established through circumstantial evidence, the evidence in this case was not sufficient to establish beyond a reasonable doubt that Defendant made a false statement to the police. An ambiguous statement such as "I don't know" may constitute obstructing justice under circumstances where the State sufficiently demonstrates the falsity of the statement, such as if there had been evidence that Gillman had been found in plain view of Defendant or in close proximity to her.
 {¶ 23} Without some evidence that Defendant did, in fact, know of Gillman's whereabouts at the time the police questioned her, I believe that the State failed to meet its burden to prove that Defendant was lying when she answered that she did not know where Gillman was. For these reasons, I would sustain Defendant's assignment of error and reverse her conviction.